# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2010

No. 09-40956
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID INOCENCIO DEL CARMAN-GOMEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-392-1

Before JOLLY, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Inocencio Del Carman-Gomez appeals his guilty plea conviction and sentence for illegal reentry in violation of 8 U.S.C. § 1326. He contends that the district court erroneously used his aggravated felony conviction to increase both his base offense level and his criminal history score. He also argues that § 1326(b) is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because Del Carman-Gomez did not raise these claims in the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court, plain error review applies. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Del Carman-Gomez's double-counting argument is without merit because the Guidelines specifically state that a conviction used to increase an offense level may also be used in calculating a defendant's criminal history score. *See* U.S.S.G. § 2L1.2, comment. (n.6); *see also United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). His argument regarding the constitutionality of § 1326 is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). *See United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007). Therefore, Del Carman-Gomez has not shown error, plain or otherwise. Accordingly, the district court's judgment is AFFIRMED.